RECEIVED
2006 JAN -3 P 3:25

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NICOLE WALLACE, Individually, And on behalf of all similarly situated persons, <br><br>Plaintiffs, <br><br>v. <br><br>SHELDON J. FINKEL, DDS, <br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br>Case No: 2:06cv5-W <br><br>Class Action <br>Violations of <br>Fair Credit Reporting Act <br><br>**Trial By Jury Demanded** |

## COMPLAINT - CLASS ACTION

Plaintiff, on behalf of herself and all other similarly situated persons harmed by Defendant's identical pattern and practice described herein, files this Complaint seeking declaratory relief and statutory and punitive damages and attorney's fees and costs. Stating as follows:

### INTRODUCTION

1. Defendant is a dentist. On or about October 15, 2005, Plaintiff contacted Defendant for the purpose of becoming a new patient. At the request of Defendant, Plaintiff provided certain relevant information. Using this information, Defendant improperly obtained a consumer credit report of Plaintiff. Plaintiff was not informed that Defendant would be obtaining a consumer credit report. Plaintiff did not consent to Defendant obtaining a consumer credit report. Plaintiff did not request credit with Defendant. There is no permissible purpose for Defendant to obtain Plaintiff's consumer credit report.

2. Plaintiff alleges that Defendant has a consistent practice of obtaining the consumer credit reports

of unsuspecting patients and prospective patients. The Class consists of all persons whose consumer credit reports were obtained by Defendant for impermissible and unauthorized purposes.

3. Defendant's actions resulted in untold past and future damages for harm to credit reputation, invasion of credit privacy and general invasion of privacy.

## PARTIES

4. Plaintiff, Nicole Wallace, is an adult Alabama citizen residing in Montgomery County. Plaintiff, just like other Class Members, is a victim of Defendant's action in improperly obtaining consumer credit reports.

5. Defendant, Sheldon J. Finkel, is an adult Alabama citizen believed to reside in Montgomery County. Defendant operates a business in Montgomery County, Alabama. Defendant is a dentist by profession.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 (Federal Question) as the issues in this case revolve around the Consumer Credit Protection Act, and use of consumer reports for impermissible purposes in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*.

7. This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

8. This Court has personal jurisdiction over Defendant in that he both lives and works in the Middle District of Alabama. Both Plaintiff and Class Members suffered injuries as a result of Defendant's conduct in the Middle District of Alabama.

9. Venue is proper in this District as both Plaintiff and Defendant reside in this District and engaged in their course of conduct in the Middle District of Alabama. 28 U.S.C. § 1391(b).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this Class Action Complaint against Defendant on behalf of herself and a Class of persons similarly situated who, for two years from the filing of this lawsuit, had their consumer credit reports obtained by Defendant for impermissible purposes without authorization.

11. There are an undetermined number of Class Members. As such, joinder of all Class Members is impracticable. The exact number of Class Members will be determined following the discovery of the books and records of Defendant. Such books and records are in the sole possession of Defendant.

12. Plaintiff will fairly and adequately represent and protect the interests of the Class, as Plaintiff has suffered harms identical to the harm suffered by all members of the Class.

13. Plaintiff is committed to vigorously prosecuting this action and has retained, and is relying upon, competent counsel experienced in credit litigation. Plaintiff is a member of the Class and does not have interests antagonistic to or in conflict with other Class Members.

14. There are questions of law and fact common to the Class and common questions of law exist. Predominately the Class members had their consumer credit reports obtained by Defendant for other than permissible purposes constituting a statutory violation and an invasion of privacy. Whether Defendant breached his obligation under the Fair Credit Reporting Act through his actions. Plaintiff and Class Members are entitled to declaratory relief that Defendant's conduct was improper and to repair the Class members credit reports.

15. Plaintiff's claims are typical of the claims of the Class Members.

16. Plaintiff and all members of the Class have suffered identical harm of having their credit reports obtained without consent and without permissible purpose.

17. With innumerable Class Members, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. A class action will avoid a multiplicity of actions; and, the expenses and burden of individual litigation over smaller consumer credit claims makes it extraordinarily difficult for many Class Members to redress the wrong done to them individually.

18. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a Class Action.

19. Defendant's conduct is generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole appropriate and a Class must be certified alternatively under Federal Rules Civil Practice 23(b)(2).

## FACTUAL ALLEGATIONS

20. On or about October 15, 2005, Plaintiff contacted Defendant's office for the purpose of becoming a new patient. Defendant's office requested certain information from Plaintiff relevant to the opening of a new patient file. Plaintiff provided the requested information. Plaintiff was not informed of Defendant's intent to obtain Plaintiff's consumer credit report. Plaintiff did not give Defendant permission to obtain her consumer credit report. Plaintiff in no way sought credit from Defendant.

21. In connection with his routine business practices, Defendant used the information given by Plaintiff to obtain her consumer credit report. Using information given by patients, Defendant was granted access to confidential consumer reports of Class Members.

22. During the Class Period, Defendant engaged in an identical pattern and practice of improperly obtaining confidential consumer credit reports. These reports were obtained without permission, knowledge or consent. These reports were obtained for impermissible purposes, in that Defendant

had no legitimate business purpose in obtaining the reports.

23. As a direct and proximate result of this practice, Plaintiff and the Class have suffered continuing invasion of privacy and impairment of their credit and are entitled to damages.

### COUNT I

24. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as more fully set forth herein.

25. Defendant entered into a written subscriber agreement with Trans Union credit reporting agency. Trans Union agreed to, among other things, provide consumer credit reports to Defendant only for specified permissible purposes as described in Federal Law, and as set forth in the written subscriber agreement.

26. As described herein above, Defendant knowingly and/or willfully obtained and used credit reports of Plaintiff and Class Members without a permissible purpose.

27. Pursuant to 15 U.S.C. §1681(f), a person, including a corporation, may not use or obtain a consumer report for unauthorized purposes.

28. Defendant knowingly and/or willfully failed to comply with the Fair Credit Reporting Act when he requested, obtained and used Plaintiff's and Class Members' consumer credit reports without permissible purposes. Said failure was negligent and/or willful. 15 U.S.C. §1681n and §1681q.

29. As a direct result of Defendant's willful conduct, Plaintiff and Class Members have been damaged.

30. As a result of Defendant's knowing and/or willful failure to comply with the FCRA, Defendant is liable to Plaintiff and Class Members in an amount equal to the sum of any actual damages sustained by Plaintiff and respective Class Members and the costs of this action plus reasonable

attorney fees.

## COUNT II

31. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as more fully set forth herein.

32. Defendant entered into a written subscriber agreement with Trans Union credit reporting agency. Trans Union agreed to, among other things, provide consumer credit reports to Defendant only for specified permissible purposes as described in Federal Law, and as set forth in the written subscriber agreement.

33. As described herein above, Defendant negligently obtained and used credit reports of Plaintiff and Class Members without a permissible purpose.

34. Pursuant to 15 U.S.C. §1681(f), a person, including a corporation, may not use or obtain a consumer report for unauthorized purposes.

35. Defendant negligently failed to comply with the Fair Credit Reporting Act when he requested, obtained and used Plaintiff's and Class Members' consumer credit reports without permissible purposes. Said failure was negligent. 15 U.S.C. §§1681o.

36. As a direct result of Defendant's negligent conduct, Plaintiff and Class Members have been damaged.

37. As a result of Defendant's negligent failure to comply with the FCRA, Defendant is liable to Plaintiff and Class Members in an amount equal to the sum of any actual damages sustained by Plaintiff and respective Class Members or not less than $100.00 and not more than $1,000.00 and the costs of this action plus reasonable attorney fees.

## COUNT III

38. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as more fully set forth herein.

39. Defendant's conduct, as described hereinabove, constituted an invasion of Plaintiff's and Class Members' solitude and seclusion which was offensive to any person of ordinary sensibilities. Said invasion was an unreasonable intrusion into the private life and matters of Plaintiff and Class Members.

40. Plaintiff and Class Members have been damaged thereby.

41. Defendant's conduct, as described herein, constitutes an unlawful and actionable invasion of privacy, entitling Plaintiff and Class Members to an award of damages, compensatory and punitive.

WHEREFORE, Plaintiff and Class Members, by counsel, demand relief against Defendant, as follows:

A. Count One, a judgment against Defendant in an amount equal to any actual damages sustained by Plaintiff and Class Members or damages of not less than $100.00 and not more than $1000.00, and such amount of punitive damages as are deemed fair and just by the trier of fact.

B. Count Two, a judgment against Defendant in an amount equal to any actual damages sustained by Plaintiff and Class Members.

C. Count Three, a judgment against Defendant in an amount equal to any actual damages sustained by Plaintiff and Class Members, and such amount of punitive damages as are deemed fair and just by the trier of fact.

D. Declaratory and injunctive relief by way of an Order restraining Defendant from obtaining

consumer credit reports for impermissible purposes and to compel Defendant to issue corrective notices to Trans Union credit reporting agency requesting the removal of all impermissible credit inquires.

E. Any and all other relief to which Plaintiff and Class Members may be entitled, including the right to amend this Complaint to add additional claims and/or parties after conducting appropriate discovery.

Respectfully submitted,

ANDY NELMS (NEL022)
JAY LEWIS (LEW031)

OF COUNSEL:
The Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

DATED: DECEMBER 30, 2005

**DEFENDANT MAY BE SERVED AT THE FOLLOWING ADDRESS**:

Sheldon J. Finkel
3044 McGhee Road
Montgomery, AL 36111

8