UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NICOLE WALLACE         )
                       )
    Plaintiff          )
                       )
    v.                 )    Case No: 2:06-CV-5
                       )
SHELDON J. FINKEL, D.D.S.  )
                       )
    Defendant          )
                       )

RECEIVED

2006 MAY -2 A 9:29

## DEFENDANT'S REQUEST FOR SUMMARY JUDGEMENT

Defendant understands that there is only one issue to be decided, as follows:

Plaintiff's complaint, page 1, Introduction, Line 6:

... There is no permissable purpose for Defendant to obtain Plaintiff's consumer credit report ...

Defendant respectfully disagrees. The financial success of Defendant's dental practice is highly dependent on the predictability of the patient's intentions to pay fees for services, as determined by credit reports.

It is generally assumed that I am selling my services, but in reality I am selling my time. Loss of time-revenue cannot be retrieved, nor offset by future service production.

There is a small segment of our society who are determined to not pay for anything: Reluctant Payors.

If I were to allow a Reluctant Payor to schedule an appointment in my office, there would be 3 possible scenarios:

1 - The Reluctant Payor declines to pay after the service is rendered.

2 - The Reluctant Payor declines to pay in advance, at the time of the appointment. No service is rendered, but a segment of time-revenue is lost.

3 - The Reluctant Payor is told over the telephone, when the appointment is being arranged, that the fee would be payable when he arrived for the appointment. He agrees, but does not show. A segment of time-revenue is lost.

Defendant has read that landlords have a permissable purpose for obtaining credit reports on prospective tenants to evaluate the predictability of the rent being paid.

Defendant has read that credit card companies and loan companies are routinely given access to huge numbers of credit report files for the purpose of choosing who they will solicit.

Defendant has read that only in Vermont is an individual's permission required to obtain their credit report.

Most of these Reluctant Payors have judgements against them and/or Bankruptcy proceedings in their credit files, and Defendant believes these are public records.

Defendant therefore petitions the court to find that the Defendant did have a permissable purpose in obtaining the Plaintiff's credit report.

*Sheldon J. Finkel*
Sheldon J. Finkel, Defendant
3044 MCGehee Road
Montgomery, Alabama 36111
284-9361

Dated: 5/1/06

mp\CERTSERV    May 1, 2006

CERTIFICATE OF SERVICE

RE: Nicole Wallace vs. Sheldon J. Finkel, DDS
Civil Action No. 2:06cv5-SRW

I hereby certify that I served, via fax and mail, a copy of the enclosed Request for Summary Judgement, to:

    Attorney Jay Lewis, representing plaintiff Nicole Wallace.
    Keith Anderson Nelm
    P.O. Box 5059
    Montgomery, AL 36103
    Fax 832-4390

*[signature: Sheldon J. Finkel]*
Sheldon J. Finkel, Defendant
3044 McGehee Road
Montgomery, Alabama 36111
284-9361