IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NICHOLE WALLACE, individually and on behalf of all similarly situated persons, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:06CV05-SRW (WO) |
| SHELDON J. FINKEL, D.D.S., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this action, plaintiff Nichole Wallace alleges that *pro se* defendant Sheldon J. Finkel, a dentist, improperly obtained a consumer credit report regarding plaintiff. She brings claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and a state law claim of invasion of privacy. This action is presently before the court on the motion for summary judgment filed by defendant on May 2, 2006 (Doc. # 12). Upon consideration of the motion, the court concludes that it is due to be granted.

**BACKGROUND**

On or about October 14, 2005, plaintiff telephoned Finkel's office to make an appointment as a new patient. Finkel's employee requested information from plaintiff, purportedly for the purpose of opening a new patient file. The employee advised plaintiff that she would be required to pay for her treatment at the time of service; plaintiff told the employee that she had comprehensive health insurance, including dental coverage. On the same day – without advising plaintiff or requesting her consent – Finkel requested and

obtained a consumer credit report on the plaintiff.  Plaintiff did not contemplate entering into a credit transaction with Finkel's office.  (Wallace aff.).

## THE SUMMARY JUDGMENT STANDARD

A party seeking summary judgment bears the initial burden of demonstrating to the court the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions that it believes show an absence of any genuine issue of material fact.  <u>Hairston v. Gainesville Publishing Co.</u>, 9 F.3d 913 (11th Cir. 1993).  For issues on which the non-movant bears the burden of proof at trial, "the moving party is not required to support its motion with affidavits or other similar material negating the opponent's claim in order to discharge this initial responsibility.  Instead, the moving party simply may show [ ] – that is, point[ ] out to the district court – that there is an absence of evidence to support the non-moving party's case."  <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1115-16 (11th Cir. 1993)(quoting <u>U.S. v. Four Parcels of Real Property</u>, 941 F.2d 1428, 1437-38 (11th Cir. 1991)(*en banc*)).

In <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), the Court held that if a party opposing summary judgment "fails to make a showing sufficient to establish the existence of an element essential to their party's case, and on which their party will bear the burden of proof at trial," summary judgment shall be granted.

> [W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial. . . We do not mean that the nonmoving party

> must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56 except the mere pleadings themselves. . . ."

Id. at 324.

For summary judgment purposes, an issue of fact is "material" if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Matsushita Electrical Industrial Company v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court must view the evidence, and all factual inferences properly drawn from the evidence, in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987). It is improper for this court to weigh conflicting evidence or make credibility determinations; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

## DISCUSSION

In the present motion, defendant does not deny requesting plaintiff's credit report, nor

does he suggest that plaintiff consented to his obtaining the report. Instead, he contends that he is entitled to summary judgment on plaintiff's claims because he had a legitimate business reason for requesting the report. He asserts that the financial success of his dental practice is "highly dependent on the predictability of the patient's intentions to pay fees for services, as determined by credit reports." (Doc. # 12, p. 1). He argues that "[t]here is a small segment of our society who are determined to not pay for anything: Reluctant Payors," and that if he were to allow a "reluctant payor" to schedule an appointment in his office, he would lose either time or money. (Id.). Defendant filed no affidavit or other evidence with his motion, and plaintiff argues that the motion is due to be denied on this basis. However, where the plaintiff will bear the burden of proof at trial, a defendant may establish an entitlement to summary judgment without supporting affidavits by pointing out that plaintiff will be unable to prove an element of her claim. See Fitzpatrick, *supra*.

Plaintiff brings claims pursuant to 15 U.S.C. § 1681n and § 1681o for willful or negligent violation of § 1681b(f), which prohibits obtaining or using a consumer report for a purpose other than one authorized by that section.[1] "Under both [§ 1681n and § 1681o],

---

[1] 15 U.S.C. § 1681b(f) provides: "A person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification." Plaintiff does not allege that defendant failed to make the certification required by § 1681e, but only that the report was obtained for an improper purpose. 15 U.S.C. § 1681n provides for civil liability for willful noncompliance with the statute and increased damages against a natural person who has "obtain[ed] a consumer report under false pretenses or knowingly without a permissible purpose." 15 U.S.C. § 1681n(a)(1)(B). Section 1681o imposes civil liability for negligent noncompliance with requirements of the statute.

[plaintiff] must prove that there was a consumer report, that defendants used or obtained it, and that they did so without a permissible statutory purpose. [She] must also prove that the defendant[] acted with the specified level of culpability, which is willfulness under section 1681n and negligence under section 1681o." Phillips v. Grendahl, 312 F.3d 357, 364 (8th Cir. 2002). In this motion, defendant challenges only one element of plaintiff's claim; he contends that the plaintiff cannot establish that he obtained the report without a permissible purpose. Since plaintiff bears the burden of proving this element, she must oppose summary judgment by introducing evidence sufficient to demonstrate the existence of a genuine issue of material fact. Celotex, *supra*; cf. Raymond v. Raymond, 2005 WL 2491442 (N.D. Ill. Oct. 7, 2005)(denying motion for summary judgment where plaintiff "presented evidence sufficient for a jury reasonably to conclude that defendant used the report for an impermissible purpose"); Breese v. Triadvantage Credit Services, Inc., 393 F.Supp.2d 819, 821 (D. Minn. Feb. 2, 2005)("To succeed on her claim, Pederson must demonstrate that Defendants lacked a permissible purpose for obtaining her consumer reports.").[2]

Section 1681b(a) provides an exclusive list of the "permissible purposes" for which a consumer report may be obtained. The parties agree that the provision at issue in this case is § 1681b(a)(3)(F)(i), which permits the release of a consumer report to a person who "has a legitimate business need for the information . . . in connection with a business transaction

---

[2] Plaintiff notes that discovery has not yet been conducted in this case (Doc. # 14, p.2 n.2). However, plaintiff has not requested that the court defer ruling or deny summary judgment on this basis pursuant to Fed. R. Civ. P. 56(f).

that is initiated by the consumer."[3]

In her affidavit and brief, plaintiff suggests that defendant's purpose in obtaining her report was not permissible because: (1) she did not give her consent; (2) defendant's employee did not advise plaintiff that defendant's office would obtain a credit report; and (3) plaintiff did not "contemplate entering into a credit transaction" with defendant.

<u>Lack of a "credit transaction."</u>   Section 1681b(a)(3) provides that a consumer reporting agency may furnish a consumer report to a person who:

> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
>
> (B) intends to use the information for employment purposes; or
>
> (C) intends to use the information in connection with the underwriting of insurance involving the consumer; or
>
> (D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or
>
> (E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or
>
> (F) otherwise has a legitimate business need for the information –
>
>> (i) in connection with a business transaction that is initiated by

---

[3] See Plaintiff's brief, Doc. # 14 at p. 5 ("The sole question in this case is whether the defendant had 'a legitimate business need' for pulling Plaintiff's credit report."); Defendant's reply brief, Doc. # 15.

>    the consumer; or
>
>    (ii) to review an account to determine whether the consumer
>    continues to meet the terms of the account.

15 U.S.C. § 1681b(a)(3).

As noted above, plaintiff agrees that the provision at issue here is § 1681b(a)(3)(F)(i). She contends that defendant cannot have a legitimate business need under this provision because plaintiff did not seek to enter into a credit transaction with defendant. However, the court declines to hold that subsection (F)(i) is co-extensive with subsection (A), which pertains to the extension of credit.[4]

> It is "a cardinal principle of statutory construction" that "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." Duncan v. Walker, 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (internal quotation marks omitted); see United States v. Menasche, 348 U.S. 528, 538-539, 75 S.Ct. 513, 99 L.Ed. 615 (1955) ("It is our duty 'to give effect, if possible, to every clause and word of a statute.' " (quoting Montclair v. Ramsdell, 107 U.S. 147, 152, 2 S.Ct. 391, 27 L.Ed. 431 (1883))). "[W]ere we to adopt [Andrews'] construction of the statute," the express exception would be rendered "insignificant, if not wholly superfluous." Duncan, 533 U.S., at 174, 121 S.Ct. 2120. We are "reluctant to treat statutory terms as surplusage in any

---

[4] The cases on which plaintiff relies for a narrower construction of the business need provision all pre-date the 1996 amendment to the statute and all involved uses of a credit report where there was no consumer relationship between the subject of the report and the party obtaining the report. See Plaintiff's brief, pp. 6-7. The statute then provided for release of a consumer report to a person who "otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer." See Houghton v. New Jersey Manufacturers Insurance Co., 795 F.2d 1144, 1148 (3rd Cir. 1986)(citing 15 U.S.C. § 1681b(a)(3)(E), the previous version of § 1681b(a)(3)(F)). In 1996, the "legitimate business need" provision was amended to add the requirement that the business need be in connection with a transaction initiated by the consumer or to review an account to determine whether the consumer continues to meet the terms of the account. 15 U.S.C. § 1681b(a)(3)(F); P.L. 104-208, § 2403 (Sep. 30, 1996). In the present case it is undisputed that the transaction between the parties was initiated by the plaintiff.

setting," ibid. (internal alteration and quotation marks omitted) . . . .

TRW, Inc. v. Andrews, 534 U.S. 19, 31 (2001); see also Dodd v. U.S., 545 U.S. 353, 125 S.Ct. 2478, 2490 (2005)("It is, of course, a basic canon of statutory construction that we will not interpret a congressional statute in such a manner as to effectively nullify an entire section."). Construing the "business need" provision to include only those circumstances specifically enumerated elsewhere in §1681b(a) would render the "business need" provision superfluous.

Additionally, the Federal Trade Commission has interpreted "legitimate business need" more broadly than suggested by plaintiff.

> The Federal Trade Commission ("FTC") is the agency empowered to administer and enforce the FCRA. 15 U.S.C. § 1681s(a). In accordance with this power, the FTC has issued commentary and interpretive readings of the act. See 16 C.F.R. § 600 app. (1993). While the commentaries and opinions of the FTC are not law, see id., the Supreme Court has stated that when Congress has not addressed the precise issue,
>
>> the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.
>
> Chevron, U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984)(footnote omitted). The Supreme Court has long recognized that an agency's interpretation of a statute it is entrusted to administer should be given "considerable weight" and should not be disturbed unless it appears from the statute or legislative history that Congress intended otherwise. Id.

Estiverne v. Sak's Fifth Avenue, 9 F.3d 1171, 1173 (5th Cir. 1993). In its commentary, the

FTC has interpreted the scope of § 1681b(a)(3)(E), the predecessor to § 1681b(a)(3)(F), to extend beyond the scope of the purposes enumerated in the other subsections of § 1681b(a)(3). See 16 C.F.R. Pt. 600, App. (Comment to Section 604)("Permissible purposes related to section 604(3)(E) are limited to transactions that consumers enter into primarily for personal, family or household purposes (*excluding credit, insurance or employment, which are specifically covered by other subsections discussed above*).")(emphasis added); see also id. (Comment to Section 604(3)(E))("Relation to Other Subsections of Section 604(3))("The issue of whether credit, employment or insurance provides a permissible purpose is determined exclusively by reference to subsection (A), (B), or (C), respectively."); id. ("Legitimate Business Need")("Under this subsection, a party has a permissible purpose to obtain a consumer report on a consumer for use in connection with some action the consumer takes from which he or she might expect to receive a benefit that is not more specifically covered by subsections (A), (B), or (C). For example, a consumer report may be obtained on a consumer who applies to rent an apartment, offers to pay for goods with a check, applies for a checking account or similar service, seeks to be included in a computer dating service, or who has sought and received over-payments of government benefits that he has refused to return.").

    Thus, under the FTC's interpretation of the statute that it is charged with enforcing, the evidence that plaintiff did not seek to enter into a "credit transaction" with the defendant does not demonstrate that defendant obtained her consumer report for an impermissible purpose.

Lack of consent or knowledge. As noted above, plaintiff also suggests that defendant's action in obtaining the consumer report without her knowledge or consent was impermissible. However, plaintiff's consent or knowledge is not required if a report is obtained for a "permissible purpose" set forth in § 1681b(a)(3). Compare, *e.g.*, § 1681b(a)(4)(expressly requiring notice to consumer in cases of child support enforcement by governmental agency), § 1681b(b)(2)(expressly requiring disclosure to consumer for reports obtained for employment purposes), § 1681b(c)(requiring consumer consent where report obtained in connection with credit or insurance transactions not initiated by the consumer, unless the transaction consists of a firm offer of credit or insurance) and § 1681b(g)(requiring consent of consumer where consumer report contains medical information about the consumer) with § 1681b(a)(3)(including no provision expressly requiring notice or consent); see also Tucker v. New Rogers Pontiac, Inc., 2003 WL 22078297, * 2 (N.D. Ill. Sept. 9, 2003)("The FCRA sets out certain 'permissible purposes' for which an entity may obtain a consumer credit report without the consumer's consent or knowledge."); Tucker v. Olympia Dodge of Countryside, Inc., 2003 WL 21230604, *2 (N.D. Ill. May 28, 2003)("Under the FCRA, it is permissible to obtain a credit report on a consumer only with the written consent of the consumer *or* for certain permissible purposes.")(emphasis added); Scharpf v. AIG Marketing, Inc., 242 F. Supp. 2d 455, 462 (W.D. Ky. 2003)(§ 1681b(a)(3)(C) "restricts an insurer's access to a consumer's credit report, by requiring a legitimate underwriting use *and* by requiring either the consumer's express permission *or* the making of a firm offer"; this interpretation is "consistent with

10

Congress's clear desire to allow some carefully proscribed investigation into a consumer's credit history, even without his knowledge or consent")(emphasis in original); Gamble v. Citifinancial and Landers, 2002 WL 31643028, * 2 (D. Conn. Nov. 19, 2002)("Under the FCRA, there are circumstances pursuant to which a consumer's credit report may be obtained without the consent or even the knowledge of the consumer."); FTC Commentary, 16 C.F.R. Pt. 600, App. (Comment to Section 604)("Consumer's Permission not Needed")("When permissible purposes exist, parties may obtain, and consumer reporting agencies may furnish, consumer reports without the consumers' permission or over their objection.").  Thus, plaintiff's testimony that defendant obtained the consumer credit report without either her knowledge or consent is insufficient to overcome defendant's motion for summary judgment.

## CONCLUSION

In response to defendant's motion for summary judgment, plaintiff has introduced evidence that she did not seek to enter into a credit transaction with defendant and that he nevertheless obtained her consumer credit report without her knowledge or consent.  For the reasons set forth above, this evidence is insufficient to permit the conclusion that defendant obtained the report for other than a permissible purpose.[5]   Accordingly, it is

ORDERED that defendant's motion for summary judgment is GRANTED.  A

---

[5] The court has before it no competent evidence of defendant's actual purpose in obtaining the report.  Accordingly, the court does not address the specific reason advanced by defendant in his motion.  The court here holds only that plaintiff has failed to meet her burden under Rule 56 of producing evidence sufficient to demonstrate the existence of a genuine issue of material fact on an element of her claim, *i.e.*, that defendant obtained the report without a permissible statutory purpose.

separate judgment will be entered dismissing plaintiff's claims.[6]

DONE, this 22nd day of June, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[6] Plaintiff concedes that "should her FCRA claim fail, her invasion of privacy claim is due to be dismissed as well." (Plaintiff's brief, Doc. # 14, p. 8).